Dear Mr. Magri:
This office is in receipt of your recent opinion request in which you request our opinion regarding a possible conflict — of — interest in chairing/voting on the Board of Pardons on a case involving your acquaintance. You indicate that the person's case is scheduled to be heard before the Board of Pardons for his second-degree murder conviction in Jefferson Parish. You state that you knew the person's father for many years while the two of you were employed with the New Orleans Police Department. The person is a former New Orleans Police Patrolman and you are a retired New Orleans Police Officer.
Please refer to La.R.S. 49:960(B) which states:
 A subordinate deciding officer or agency member shall withdraw from any adjudicative proceeding in which he cannot accord a fair and impartial hearing or consideration. Any party may request the disqualification of a subordinate deciding officer or agency member, on the ground of his inability to give a fair and impartial hearing, by filing an affidavit, promptly upon discovery of the alleged disqualification, stating with particularity the grounds upon which it is claimed that a fair and impartial hearing cannot be accorded. The issue shall be determined promptly by the agency, or, if it affects a member or members of the agency, by the remaining members thereof, if a quorum. Upon the entry of an order of disqualification affecting a subordinate deciding officer, the agency shall assign another in his stead or shall conduct the hearing itself. Upon the disqualification of a member of an agency, the governor immediately shall appoint a member pro tem to sit in place of the disqualified member in that proceeding. In further action, after the disqualification of a member of an agency, the provisions of R.S. 49:957 shall apply.
Attached is Louisiana Attorney General Opinion Number 97-321 in which a similar issue was addressed. The Opinion states in part:
 The extent to which a person's interest or bias would prevent him from remaining impartial is an ethical question of fact which this office is not in a position to determine.
In that opinion it was concluded that the matter was one which must be deferred to the Ethics Commission. We regret to hold the same in your situation.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By:_________________________ CHARLES H. BRAUD JR. Assistant Attorney General
RPI/CHB/lrw